UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN P KELMENDI,

    Plaintiff,

v.

DETROIT BOARD OF EDUCATION and
the DETROIT PUBLIC SCHOOLS,

    Defendants.

Case No. 12-14949
Honorable Laurie J. Michelson
Magistrate Judge R. Steven Whalen

**ORDER DENYING PLAINTIFF'S MOTION
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)(6) [153]**

    Back in 2014, John Kelmendi brought a six-count discrimination suit against the Detroit Board of Education and Detroit Public Schools. (ECF No. 25.) Some of Kelmendi's claims survived summary judgment. *See Kelmendi v. Detroit Bd. of Educ.*, No. 12-14949, 2015 U.S. Dist. LEXIS 92400, at *38–39 (E.D. Mich. July 16, 2015). Later, at trial, a jury returned a partial verdict for Kelmendi, including an award of front pay (ECF No. 97), which the Court vacated (ECF No. 117, 118). The Defendants appealed the jury's verdict. (ECF No. 123.) But in short order they voluntarily dismissed the appeal (ECF No. 130) and moved to deposit funds with the Court to satisfy the judgment (ECF No. 129). After sorting through various attorneys' fees issues, Kelmendi received over $500,000. (ECF No. 145.)

    Now, Kelmendi has a new lawyer. And the new lawyer, Benjamin Whitfield, has filed a Rule 60(b) motion to reinstate the jury's front pay award and resurrect a state-law claim abandoned by Kelmendi at summary judgment. (ECF No. 153, PageID.3419–3420.) The motion is DENIED.

    Federal Rule of Civil Procedure 60 allows a federal court to "relieve a party or its legal representative from a final judgment, order, or proceeding" for things like "mistake," "fraud," or

"any other reason that justifies relief." Fed. R. Civ. P. 60. Kelmendi's motion relies on Rule 60(b)(6), the "any other reason" prong, a "catchall" provision" applicable only in "exceptional or extraordinary circumstances where principles of equity mandate relief," *Miller v. Mays*, 879 F.3d 691, 698 (6th Cir. 2018) (internal quotations omitted); *Tanner v. Yukins*, 776 F.3d 434, 443 (6th Cir. 2015).

But Kelmendi does not point to any exceptional or extraordinary circumstances. Start with the state-law claim Whitfield wants to resurrect. Whitfield says he noticed that at summary judgment, the Court dismissed Kelmendi's claim of retaliatory discharge under the Michigan Worker's Compensation Disability Act. (ECF No. 153, PageID. 3419; *but see* ECF No. 25, PageID. 221; ECF No. 52, PageID.1266.) Whitfield says Kelmendi had no idea that claim was dismissed, and he can prove it has merit. (*Id.*) As a grant of summary judgment is not a final order, Whitfield says it is not too late for the Court to correct its error and reinstate Kelmendi's claim. (ECF No. 153, PageID.3420.)

But, as correctly argued by Defendants (ECF No. 154), Kelmendi does not have a Workers' Compensation Disability Claim to reinstate because he never raised one. At best, Count VI of Kelmendi's complaint alleged a violation of Michigan public policy flowing from Defendants' alleged retaliation after Kelmendi filed a compensation claim. (ECF 25, PageID.221.) But Kelmendi's previous attorney voluntarily dismissed that claim. (ECF No. 48, PageID.585.) And even if Kelmendi never knew about it, he is bound by his retained lawyer's strategic decision. *See Link v. Wabash R. Co.*, 370 U.S. 626, 633–34 (1962) ("Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-

2

agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." (internal quotations omitted)). So Kelmendi offers nothing exceptional or extraordinary to permit relief under Rule 60(b)(6).

Next Whitfield urges the Court to reinstate Kelmendi's front-pay award. Whitfield says, in a retaliation suit like Kelmendi's, front pay is the "functional equivalent" of reinstatement (ECF No. 154, PageID.3432). *But see Gunter v. Bemis Co., Inc.*, No. 17-6144, 2018 WL 4997777, at *4 (6th Cir. Oct. 16, 2018). And because Kelmendi was not reinstated, an award of front pay was the only way to make Kelmendi whole. (ECF No. 154, PageID.3430.) So "the Court abused its authority when it took from [Kelmendi] the $152,400 front pay awarded by the jury."[1] (ECF No. 153, PageID.3424.)

Whitfield makes much of the fact that the Court submitted the issue of front pay to the jury, the jury awarded it, and the Court vacated the jury's decision. All of that is true. (*See* ECF No 104, PageID. 2335–2338; ECF No. 97; ECF No. 117, PageID.3128.) But in submitting the issue to the jury, the Court made plain to the parties that the appropriateness of a front-pay award was still very much in the air. (ECF No. 104, PageID. 2537–2538.) And ultimately, on Defendants' post-verdict motion (ECF Nos. 92, 100), the Court balanced the factors and found that Kelmendi never provided enough evidence to just an award of front pay (ECF No. 117, PageID.3128). Kelmendi did not appeal this ruling. He has not identified any error. Nor has he identified any other exceptional circumstances warranting relief.

Even more, Whitfield ignores the discretionary, equitable nature of a front-pay award. *See Roush v. KFC Nat'l Mgmt. Co.*, 10 F.3d 392, 398–99 (6th Cir.1993). And when it comes to actually

---

[1] Kelmendi's claim for front pay was contested before, during, and after trial. (See ECF No. 104, PageID. 2335–2338; ECF No. 117, PageID.3120–3128; *see also* ECF Nos 78, 85, 87, 91, 92, 94, 110.)

3

awarding front pay, the division of labor is clear-cut: the judge decides whether front pay is appropriate, and the jury decides how much, if any, to award. *See, e.g.*, *West v. Tyson Foods, Inc.*, 374 F. App'x 624, 641 (6th Cir. 2010). At best, Whitfield tries to avoid the consequences of Kelmendi's decision not to appeal the Court's ruling on front pay, something Rule 60(b) does not permit. *See Ackermann v. United States*, 340 U.S. 193, 197–200 (1950); *Steinhoff v. Harris*, 698 F.2d 270, 275 (6th Cir. 1983); *Saginaw Chippewa Indian Tribe v. Granholm*, No. 05-10296, 2011 U.S. Dist. LEXIS 53765, at *6–7 (E.D. Mich. May 18, 2011).

In the end, Whitfield's Rule 60(b)(6) motion offers nothing to suggest "the principles of equity mandate relief." *Miller*, 879 F.3d at 698. So the Court will not reinstate Kelmendi's front-pay award and will not reinstate his state-law claim.

Finally, Defendants ask the Court to award costs and attorney fees pursuant to 28 U.S.C. § 1927. (ECF No. 154, PageID.3438.) They say Plaintiff's motion is "groundless, vexatious, and unreasonably wastes Defendants['] and this court's time and resources." (*Id.*) Defendants are not far off. Objectively, however, the Rule 60(b)(6) motion, while tenuous, is not the type of conduct "that trial judges, applying collective wisdom of their experience on the bench could agree falls short of the obligations owed by a member of the bar to the court." *Salkil v. Mount Sterling Twp. Police Dep't*, 458 F.3d 520, 532 (6th Cir. 2006) (internal quotations omitted). But it is close. And so Kelmendi is on notice that future motions of this kind may result in sanctions or attorney fee awards pursuant to Federal Rule of Civil Procedure 11 or § 1927.

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Date: October 17, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, October 17, 2018, using the Court's ECF system.

s/William Barkholz  
Case Manager